IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OVIDIU FISCU,<br><br>        Plaintiff,<br>  v.<br><br>UKG INC.,<br><br>        Defendant. | Case No.: 3:23-cv-01240-AN<br><br><br>OPINION AND ORDER |

Plaintiff Ovidiu Fiscu brings multiple state law claims against defendant UKG Inc. ("UKG") related to the denial of supplemental long-term disability ("SLTD") benefits, including breach of contract, negligence, and declaratory judgment under Oregon Revised Statute § 28.0020. UKG filed this Motion to Dismiss for Failure to State a Claim, ECF [6]. After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the reasons stated herein, UKG's motion is GRANTED.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joinders of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Bare assertions that amount to mere "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

In ruling on a Rule 12(b)(6) motion to dismiss, a court may consider only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court may also consider "a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.*

## BACKGROUND

### A.    Factual Background

In September of 2019, when plaintiff was hired with UKG, plaintiff was offered employee benefits, including benefits offered under the SLTD plan. Decl. of Sarah N. Turner ("Turner Decl."), ECF [3], Ex. A, at 3, ¶ 4. Beginning in January of 2020, plaintiff alleges that he enrolled in and paid for the SLTD plan through payroll deductions. *Id.* Plaintiff alleges that he confirmed his enrollment with UKG's Human Resources Department and was informed of his "active status" with the SLTD plan but was given no further instructions. *Id.* After this discussion, plaintiff believed that he was paying for future contract benefits included in the SLTD plan. *Id.*

On November 14, 2021, plaintiff became too ill to continue working and took extended leave. *Id.*, Ex. A, at 2, ¶ 1. In February 2022, plaintiff applied for benefits under the SLTD plan through UKG and UNUM Life Insurance Company of America ("UNUM"), the third-party plan benefit administrator for UKG. *Id.*, Ex. A, at 3-4, ¶¶ 3, 4. UKG and UNUM denied plaintiff's request for benefits under the SLTD plan. *Id.*, Ex. A., at 4, ¶ 4.

### B.    Procedural Background

On June 27, 2023, plaintiff filed suit against UKG and UNUM in Multnomah County Circuit Court. *Id.*, Ex. A, at 2-7. On July 19, 2023, plaintiff voluntarily dismissed his claims against UNUM. *See id.*, Ex. A, at 10-11. On August 25, 2023, UKG removed the action to this Court under diversity jurisdiction. Notice of Removal, ECF [1], at 2. UKG then filed the present motion before the Court, arguing that plaintiff's claims are preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and should be dismissed with prejudice.

# DISCUSSION

As a preliminary matter, plaintiff asks the Court to not consider UKG's motion because UKG failed to properly confer with plaintiff pursuant to Local Rule 7-1. Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss ("Pl.'s Resp."), ECF [9], at 5. The Court declines plaintiff's request because UKG provided sufficient evidence refuting this allegation. *See* 2nd Decl. of Sarah N. Turner, ECF [11].

Plaintiff also requests that the Court not consider exhibits submitted by UKG in support of its motion. Pl.'s Resp. 6. The Court will not consider UKG's exhibits for the purposes of this motion, apart from the exhibits submitted in support of conferral pursuant to Local Rule 7-1.

**A.     ERISA Preemption**

Congress enacted ERISA to create "a comprehensive statute for the regulation of employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209 (citations omitted).

ERISA includes two preemption doctrines that may overcome state law claims for relief: (1) complete preemption under 29 U.S.C. § 1132(a), or (2) conflict preemption under 29 U.S.C. § 1144(a). *See Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011).

Generally, preemption only applies under either doctrine where there is an ERISA-covered plan at issue. 29 U.S.C. § 1144(a) (conflict preemption applies to all state laws that "relate to any *employee benefit plan*") (emphasis added); *Davila*, 542 U.S. at 210 (complete preemption applies where a plaintiff could have brought civil action under ERISA plan). While plaintiff generally argues that his claims do not arise solely under any benefit plan because UKG "has continuously denied the existence of a plan," plaintiff's safe harbor arguments say otherwise. Pl.'s Resp. 12-13

Plaintiff argues that the SLTD plan is excluded from ERISA coverage through the "safe harbor" provision provided in 29 C.F.R. § 2510.3-1(j). *Id.* at 12. Under this provision, insurance policies are exempted from ERISA coverage where (1) there are no employer contributions to coverage, (2)

3

participation is completely voluntary, (3) the employer does not endorse the program, and (4) the employer receives no consideration for the program.  29 C.F.R. § 2510.3-1(j).  Plaintiff argues that the plan at issue is excluded under § 2510.3-1(j)(1) and (2).  Pl.'s Resp. 12.  For plaintiff to prevail, he must show that the SLTD plan meets all four exception requirements.  29 C.F.R. § 2510.3-1(j); *see Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942 (9th Cir. 2008) (finding plan was governed by ERISA absent allegation that employer made no contribution to plan).  Plaintiff explicitly states that UKG made no contributions, failing the first prong of the test.  Moreover, plaintiff explicitly states that participation in the SLTD plan was voluntary, failing the second prong of the test.  Yet, plaintiff fails to address the third and fourth requirements of the safe harbor provision.  "[F]ailure to satisfy one of the safe harbor's four requirements conclusively demonstrates that an otherwise qualified group insurance plan is an employee welfare benefit plan subject to ERISA."  *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1150 (9th Cir. 2000).  Accordingly, the Court construes the SLTD plan to be an ERISA plan.

    1.    *Complete Preemption*[1]

A state law cause of action is completely preempted by ERISA if: (1) at some point in time, the individual could have brought the claim under § 502(a)(1)(B); and (2) no other legal duty is implicated by a defendant's actions.  *Davila*, 542 U.S. at 210.  To show complete preemption, both elements must be met.  *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1059 (9th Cir. 2018).

    a.    Prong One

As to the first prong of *Davila*, the Court analyzes whether, based on the allegations in the complaint, plaintiff could have brought his claims under 29 U.S.C. § 502(a)(1)(B).  This provision, otherwise known as ERISA's civil enforcement provision, applies only to claims that are brought by those

---

[1] UKG argues that because plaintiff's claims "relate to" the denial of the SLTD benefit plan, they come within the scope of 29 U.S.C. § 502(a)(1)(B). Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF [6], at 8. UKG misunderstands complete preemption. "[T]he question whether a law or claim 'relates to' an ERISA plan is not the test for complete preemption under § 502(a)(1)(B). Rather, it is a test for conflict preemption under § 514(a)." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 949 (9th Cir. 2009). Accordingly, the Court will not address UKG's argument under complete preemption.

whose rights and obligations are governed or regulated by ERISA. These include participants, beneficiaries and fiduciaries as those terms are defined in 29 U.S.C. § 1002(7). If a plaintiff is not a participant, beneficiary, or fiduciary, then the plaintiff's claims fall outside of § 502(a) and "complete preemption" does not apply. 29 U.S.C. § 1132(a).

The Supreme Court clarified that, under ERISA, participants include "employees in, or reasonably expected to be in, currently covered employment, or former employees who have . . . a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (citations omitted) (internal quotation marks omitted). Thus, a former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits is not a "participant" for the purposes of ERISA preemption. *Id.* at 118.

Upon review of plaintiff's complaint, it appears that plaintiff is a former employee without a reasonable expectation of returning to UKG. Turner Decl., Ex. A, at 3, ¶ 2. In turn, plaintiff must have a "colorable claim to vested benefits" to qualify as a "participant." Although plaintiff's pleadings on the current motion seem to argue that plaintiff was not a "participant" in an ERISA plan because he was never enrolled, his complaint states the contrary. The complaint alleges that he "enrolled for and paid for the [SLTD plan] through payroll deductions." *Id.*, Ex. A, at 3, ¶ 4. It further alleges that his "enrollment status in his benefit summary indicated he was 'active' with the insurance plan," and that this status was confirmed with UKG Human Resources. *Id.* Finally, he alleges that UKG improperly denied him benefits under the SLTD plan, leading to this action before the Court. *Id.*

These allegations, taken as true, support a finding that plaintiff is a "participant" in an ERISA plan with a "colorable claim for vested benefits." *See Burrey v. Pac. Gas & Elec. Co.*, 159 F.3d 388, 395 (9th Cir. 1998) (finding a "colorable claim for vested benefits" where plaintiffs alleged participation in a benefits plan and sought damages in the form of plan benefits); *McLeod v. Or. Lithoprint Inc.*, 46 F.3d 956, 958 (9th Cir. 1995) (former employee had "colorable claim to vested benefits" because he was eligible to apply for and receive benefits); *Ruocco v. Bateman*, 903 F.2d 1232, 1236 (9th Cir. 1990)

(former employee had "colorable claim to vested benefits" because he was "a former plan participant who contributed financially to the plan"). Indeed, plaintiff's complaint appears to seek benefits under an ERISA plan and to clarify his rights under an ERISA plan. *See* Turner Decl., Ex. A, at 7, ¶ 12. Thus, the first prong of *Davila* is satisfied.

      b.      Prong Two

The *Davila* test also requires that UKG's actions not implicate any other independent legal duty for complete preemption under § 502(a). *Davila*, 542 U.S. at 210, 212-14. "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." *Marin Gen. Hosp.*, 581 F.3d at 949. State law legal duties are not independent of ERISA where interpretation of the terms of the benefit plan "forms an essential part" of the claim, and legal liability can exist "only because of [the defendant's] administration of ERISA-regulated benefit plans." *Davila*, 542 U.S. at 213.

Starting with plaintiff's breach of contract claim, the Court finds that this claim does not "arise independently of ERISA or the plan terms." *Id.* at 212. Plaintiff cannot plead a cause of action for breach of contract under Oregon state law without alleging the existence of a contract and the breach of that contract. Hence, plaintiff alleges that the SLTD plan is the contract between plaintiff and UKG and that its terms were violated by UKG. Turner Decl., Ex. A, at 5, ¶ 7. His claim does "not merely reference the ERISA plan, [it] require[s] its construction because the contract allegedly breached is the ERISA plan itself." *Bui v. Am. Tel. & Tel. Co.*, 310 F.3d 1143, 1152 (9th Cir. 2002). Consequently, this claim does not arise independently of ERISA or the plan terms, satisfying the second *Davila* prong. *See id.* (finding ERISA preemption where breach of contract claim is predicated on the plan itself).

Likewise, plaintiff's claim for a judgment declaring the validity of the SLTD plan between plaintiff and UKG, does not arise independently of ERISA or the plan terms because it requires an interpretation of an ERISA plan. Because both prongs of the *Davila* test are satisfied, plaintiff's claims for

declaratory judgment[2] and breach of contract are completely preempted.

Plaintiff's negligence claim, however, is not completely preempted by ERISA. Plaintiff alleges that he detrimentally relied on UKG's actions and misrepresentations resulting in denial of benefits under the SLTD. Turner Decl., Ex. A, at 4-5, ¶ 6. Here, plaintiff is not asserting a negligence claim requiring judicial review of the SLTD plan's terms. Instead, a court will determine whether the insurance plan denial was the direct and foreseeable result of UKG's alleged actions and statements to plaintiff. The legal implications of this alleged misrepresentation and negligent actions would exist whether or not the SLTD plan was governed by ERISA. *See Marin Gen. Hosp.*, 581 F.3d at 950 ("Since the state-law claims asserted in this case are in no way based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, they are based on 'other independent legal dut[ies]' within the meaning of *Davila*." (alterations in original.)). The resolution of plaintiff's negligence claim require analysis of UKG's alleged actions and statements, and plaintiff's right to recovery depends entirely on the whether plaintiff reasonably detrimentally relied on those actions and statements, independent of the SLTD plan itself. As explained in *Marin General Hospital*, "[i]t is not enough for complete preemption that the [state law] claims 'relate to' the underlying ERISA plan, or that ERISA § 502(a)(1)(B) may provide a similar remedy." *Id.* Thus, because plaintiff's negligence claim does not satisfy the second prong of *Davila*, the claim is not completely preempted under § 502(a).

2.  *Conflict Preemption*

Plaintiff's negligence claim may still be preempted by § 514 even where, as here, the claim is not subject to "complete preemption" under § 502(a). Under the doctrine of conflict preemption governed by § 514, ERISA supersedes state laws "insofar as they may now or hereafter relate to any employee benefit

---

[2] Separate from ERISA preemption, UKG argues that plaintiff's claim under 29 U.S.C. § 1132(c)(1)(B), which is improperly intertwined with his declaratory judgment claim, fails. Def.'s Mot. 10-11. 29 U.S.C. § 1132(c)(1)(B) subjects plan administrators to penalties for failure to produce plan documents within thirty days upon written request of any participant or beneficiary. UKG argues that plaintiff's complaint fails to meet the required elements to support a separate cause of action under 29 U.S.C. § 1132(c)(1)(B) because plaintiff fails to plead that he made the request in writing as required by the statute. *Id.* Because plaintiff's complaint fails to meet the required elements to support a separate cause of action under 29 U.S.C. § 1132(c)(1)(B), the claim is dismissed without prejudice.

plan" described in the ERISA statute. 29 U.S.C. § 1144(a); *Marin Gen. Hosp.*, 581 F.3d at 945. A state law claim "relates to" an ERISA plan if it (1) has a "reference to" ERISA plans, or (2) has an "impermissible connection with" such a plan. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1081-82 (9th Cir. 2009) (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990)). Under the first category, "the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival. If so, a sufficient 'reference' exists to support preemption." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) (citation omitted). Under the second category, a state law has a "connection with" ERISA plans if it "governs a central matter of plan administration" or "interferes with nationally uniform plan administration." *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 320 (2016).

In the present case, UKG appears to make an argument under the second category; namely, that plaintiff's claims are preempted because they directly connect to the administration of the employee benefit plan. Def.'s Suppl. Briefing in Supp. Of Mot. to Dismiss, ECF [15], at 3-4. Plaintiff, however, argues that because his claims "do not rely upon the terms of the plan but arise from the alleged conduct of [UKG] apart from the plan terms," they are not preempted. Pl.'s Suppl. Briefing in Opp. to Mot. to Dismiss, ECF [17], at 5. Specifically, plaintiff argues that the SLTD plan is not essential to determine whether UKG was negligent and whether plaintiff was induced to rely upon UKG's conduct to his detriment. *Id.*

While the Court acknowledges that plaintiff's negligence claim does not require interpretation of the SLTD plan, a plaintiff's state law claim that merely seeks an alternative enforcement mechanism of an ERISA provision is preempted. *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 983 (9th Cir. 2001). The Ninth Circuit has applied a "but for" standard to assess the relationship between the harm alleged and the ERISA-governed plan for purposes of determining whether a plaintiff is seeking such an alternate enforcement mechanism. *Id.* To avoid ERISA preemption, plaintiff's claim must exist even without UKG's failure to pay him benefits. *See id.* ( "[Plaintiff's] damages for invasion of privacy remain whether or not [defendant] ultimately pays his claim. His tort claim does not depend on or derive from his claim for benefits in any meaningful way.").

Here, plaintiff's negligence claim would not exist but for the fact that UKG allegedly denied plaintiff benefits. Indeed, plaintiff's requested relief seeks "economic damages consisting of [p]laintiff's past insurance plan benefit." Turner Decl., Ex. A, at 7, ¶ 12. Thus, plaintiff's negligence claim is predicated upon UKG's failure to provide him with benefits under an ERISA plan. Accordingly, plaintiff's negligence is preempted by § 514.

**B.    Leave to Amend**

A court "shall grant leave to amend freely 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (quoting Fed. R. Civ. P. 15(a)). In the Ninth Circuit, "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Though plaintiff has no remaining state law claims, the Court grants leave to amend because plaintiff has not yet had an opportunity to amend his complaint to assert claims under ERISA. Accordingly, the complaint is dismissed with leave to amend the state law claims into ERISA claims, or to plead sufficient facts to show that the SLTD plan, or plaintiff's claims, are not governed by ERISA.

## CONCLUSION

For the foregoing reasons, defendant UKG's Motion to Dismiss for Failure to State a Claim, ECF [6], is GRANTED. Plaintiff's complaint is dismissed with leave to amend. In the event that plaintiff elects to file an amended complaint, he must do so within fourteen (14) days of this Order.

IT IS SO ORDERED.

DATED this 13th day of May, 2024.

Adrienne Nelson
United States District Judge