Kristi L. Gifford, OSB No. 231335
10423 SE 23rd Avenue
Milwaukie, OR 97222
Telephone: (503) 765-8800
Fax: (503) 210-7997
Kristi@callahanlawyer.com
    Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| OVIDIU FISCU, | Case No. 3:23-cv-01240-AN |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| vs. | |
| UKG Inc., | |
| Defendant. | |

Plaintiff OVIDIU FISCU (hereinafter "plaintiff") alleges:

1. This is an action arising under Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §1001, §1132.

**JURISDICTION**

2. This Court has jurisdiction over Plaintiff's claims under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in this District, the

Page - 1  FIRST AMENDED COMPLAINT

JACOBS WILSON CALLAHAN
10423 SE 23rd Avenue • Milwaukie, OR 97222
Phone: (503) 765-8800 • Fax: (503) 210-7997
Email: Kristi@callahanlawyer.com

breaches alleged took place in this District, and Defendants may be found in this District.

**PARTIES**

3. The "Plan" described herein shall refer to the UKG Inc. Health and Welfare Benefits, Supplemental Individual Disability Insurance Plan.

4. Plaintiff is or was an employee of UKG Inc. Plaintiff is a Plan "participant" as defined under under 29 U.S.C. §1002(7). Plaintiff is a resident within the State of Oregon.

5. Plaintiff was employed by UKG Inc. and worked remotely from his home office in Oregon from the period of September 2019 to November 2021 when Plaintiff became ill and was unable to continue working.

6. At all times material, UKG Inc. was a foreign corporation doing substantial business within the State of Oregon.

7. UKG Inc. is at all times the "employer" in this action, as defined under 29 U.S.C. §1002(5).

8. UKG Inc. is at all times the Policyholder under the terms of the Plan.

9. UKG Inc. is the "administrator" as defined by 29 U.S.C. §1002(16)(A)(i) and so designated by the terms of the Plan.

10. UKG Inc. is the "named fiduciary" as defined by 29 U.S.C. §1002(2) and so designated by the terms of the Plan.

JACOBS WILSON CALLAHAN
10423 SE 23rd Avenue • Milwaukie, OR 97222
Phone: (503) 765-8800 • Fax: (503) 210-7997
Email: Kristi@callahanlawyer.com

# FACTS

11. Plaintiff was hired and began regular full-time work with defendant UKG Inc. in in September 2019. Plaintiff was offered employee benefits by defendant and Plaintiff affirmatively enrolled in the Plan.

12. Plaintiff confirmed enrollment in the Plan with UKG Inc. human resources via email. UKG Inc. human resources confirmed Plaintiff's enrollment via email and informed Plaintiff his enrollment in the Plan was active. At this time, all further actions related to enrollment in the Plan were within the exclusive control of the defendant, the fiduciary of the Plan.

13. Plaintiff paid for the insurance plan through payroll deductions beginning in January of 2020. UKG Inc. did not make contributions to this coverage.

14. Plaintiff's benefit summary showed that the Plaintiff was enrolled in the Plan.

15. Plaintiff believed at that time the Plan covered 20% of his yearly salary until retirement, the duration of the disability, or until his death.

16. On November 14, 2021 Plaintiff was diagnosed with a brain tumor preventing Plaintiff from performing tasks essential his job, with reasonable accommodation, and stopped working due to this illness. Plaintiff's illness has resulted in extended leave under the federal Family and Medical Leave Act and under defendant UKG Inc.'s Family and Medical Leave Policy. As a result of Plaintiff's illness Plaintiff is limited from performing the material and

JACOBS WILSON CALLAHAN
10423 SE 23rd Avenue • Milwaukie, OR 97222
Phone: (503) 765-8800 • Fax: (503) 210-7997
Email: Kristi@callahanlawyer.com

1. substantial duties of his regular occupation and remains under the regular care of his physician.

17. On November 14, 2021, Plaintiff became too disabled to continue working due to a brain tumor. Having become eligible to receive the benefits of the insurance plan in February of 2022, plaintiff contacted UKG Inc. as the Plan Administrator and sought benefits under the Plan. UKG Inc. has denied Plaintiff's enrollment in the Plan and Plaintiff has not received benefits under the Plan.

18. The Claims Administrator, Unum, denies the existence of the Plan.

**FIRST CLAIM FOR RELIEF**
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)]**

19. Plaintiff incorporates Paragraphs 1 through 18 as though fully set forth herein.

20. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

21. Plaintiff is entitled to benefits under the terms of the Plan.

**SECOND CLAIM FOR RELIEF**
**[Claim for Penalty Pursuant to ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A)]**

22. Plaintiff incorporates Paragraphs 1 through 18 as though fully set forth herein.

JACOBS WILSON CALLAHAN
10423 SE 23rd Avenue • Milwaukie, OR 97222
Phone: (503) 765-8800 • Fax: (503) 210-7997
Email: Kristi@callahanlawyer.com

23. ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), authorizes a claim by a plan participant for the relief provided under ERISA § 502(c), 29 U.S.C. § 1132(c).

24. ERISA § 502(c), 29 U.S.C. § 1132(c), provides that an administrator who fails or refuses to comply with a request for information which such administrator is required by ERISA Title I to furnish to a participant or beneficiary by mailing the material requested to the participant or beneficiary within 30 days after such request may in the Court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 per day from the date of such failure or refusal. Pursuant to 29 C.F.R. § 2575.502c-1, the maximum penalty amount was increased to $110 per day.

25. ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), requires that a plan administrator furnish to a beneficiary upon request the instruments pursuant to which the plan is established or maintained.

26. On May 17, 2022, Plaintiff requested plan documents from UKG Inc. in writing. Plaintiff requested plan documents again in writing on May 31, 2022. Plaintiff did not receive them within 30 days. On February 7, 2023, Plaintiff sent a third request for plan documents to UKG Inc. in writing.

27. Defendants failed or refused to provide materials requested on behalf of Plaintiff from May 17, 2022 until May 26, 2024. Plaintiff is entitled to $110

JACOBS WILSON CALLAHAN
10423 SE 23rd Avenue • Milwaukie, OR 97222
Phone: (503) 765-8800 • Fax: (503) 210-7997
Email: Kristi@callahanlawyer.com

per day from 30 days after May 17, 2022, through May 26, 2024, when Plaintiff received a copy of the Plan for the first time, for a total of 710 days.

### THIRD CLAIM FOR RELIEF
### Breach of fiduciary duties
### [Claim for Violation of ERISA Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)]

28. Plaintiff incorporates Paragraphs 1 through 18 as though fully set forth herein.

29. ERISA § 404(a), 29 U.S.C. § 1104(a), requires that a fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries. These duties include the duty not to mislead a plan participant and to affirmatively advise the plan participant when the fiduciary has information that the plan participant does not have and the fiduciary knows that silence may be harmful to the plan participant.

30. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a plan participant or beneficiary to file suit to obtain injunctive and other appropriate equitable relief from a violation of ERISA, including the fiduciary duty provisions.

31. Defendant breached its fiduciary duties to Plaintiff, including (a) by failing to investigate whether Plaintiff was entitled to benefits under the Plan, (b) advising Plaintiff of his active status in the Plan via email on or around September of 2019 and later denying Plaintiff's active enrollment status when he became eligible for benefits, (c) placing the Plaintiff into an "active"

JACOBS WILSON CALLAHAN
10423 SE 23rd Avenue • Milwaukie, OR 97222
Phone: (503) 765-8800 • Fax: (503) 210-7997
Email: Kristi@callahanlawyer.com

benefits status under his "benefits summary" related to the Plan, (d) deducting funds from the Plaintiff's payroll for the purpose of funding the Plan, (e) in failing to advise the Plaintiff of additional enrollment steps after Plaintiff requested clarification on his enrollment in September of 2019, (f) in failing to enroll Plaintiff for supplemental benefits with Unum, and (g) by related acts and omissions.

32. As a result of Defendant's breaches, Plaintiff has suffered and will continue to suffer economic harm.

**Statutory attorney fees
[29 U.S.C. §1132(g)]**

33. Under 29 U.S.C. § 1132(g)(1), in an action by a participant, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. Plaintiff seeks his reasonable attorney's fees and costs for bringing this action under each claim for relief as described above.

**PRAYER FOR RELIEF**

34. WHEREFORE, Plaintiff prays that the Court grant the following relief:

**(a) As to the First Claim for Relief:**

(i) Declare that Defendant is estopped from denying Plaintiff's enrollment and entitlement to benefits under the Plan;

(ii) Declare that Defendant has violated the terms of the Plan by failing to pay Plaintiff benefits under the Plan;

JACOBS WILSON CALLAHAN
10423 SE 23rd Avenue • Milwaukie, OR 97222
Phone: (503) 765-8800 • Fax: (503) 210-7997
Email: Kristi@callahanlawyer.com

(iii) Order that Defendant pay Plaintiff past benefits, plus prejudgment interest thereon;

(iv) Declare Plaintiff's entitlement to past and future Plan benefits;

(v) Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

(vi) Provide such other relief as the Court deems equitable and just.

**(b) As to the Second Claim for Relief:**

(i) Order that Defendant pay to Plaintiff a penalty of $110 per day for the 710 days of their failure or refusal to respond to Plaintiff's written request for documents;

(ii) Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

(iii) Provide such other relief as the Court deems equitable and just.

**(c) As to the Third Claim for Relief:**

(i) Declare that Defendant is estopped from denying Plaintiff's enrollment and entitlement to benefits under the Plan;

(ii) Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

/ / /

/ / /

JACOBS WILSON CALLAHAN
10423 SE 23rd Avenue • Milwaukie, OR 97222
Phone: (503) 765-8800 • Fax: (503) 210-7997
Email: Kristi@callahanlawyer.com

(iii)    Provide such other relief as the Court deems equitable and just.

Dated: June 4, 2024.

/s/ Kristi L. Gifford
Kristi L. Gifford, OSB No. 23133
Kristi@callahanlawyer.com
of Attorneys for Plaintiff

Page - 9  FIRST AMENDED COMPLAINT

**JACOBS WILSON CALLAHAN**
10423 SE 23rd Avenue • Milwaukie, OR 97222
Phone: (503) 765-8800 • Fax: (503) 210-7997
Email: Kristi@callahanlawyer.com